### NORTH AMERICAN IRON-WORKS v. FISKE.

*Circuit Court, S. D. New York. April 19, 1887.)*

1. PATENTS FOR INVENTIONS—INVENTION—DRINKING TROUGH.

A drinking trough for animals, made with a supply-pipe, valve, and float in the interior, covered by a case with water all around it, coming from the bottom through openings in the case, which gives free access to the water on all sides, and has the advantage of the water coming in at the bottom and in the middle, flowing upward and away from the center, involves some invention, though not of a very high order, and a patent therefor is valid.

2. SAME—INFRINGEMENT—ACCOUNT—COSTS.

Where defendant, in a suit for infringement, contests the validity of the patent, which is sustained, a decree for an account, with costs, will be passed.

In Equity. Suit for infringement of letters patent.
*Francis Forbes*, for orator.
*Andrew J. Todd*, for defendant.

WHEELER, J. This bill is brought upon letters patent No. 316,639, dated April 28, 1885, and granted to Jonathan Moore for a drinking trough for animals. The answers sets up several prior patents, prior knowledge and use by several persons, want of invention, and denies infringement. That part of the answer which sets up prior patents, knowledge, and use is not supported by any evidence. The validity of the patent rests upon the question whether it shows any patentable invention. The patent itself states that such troughs had been made of wood, with a covered float and valve at one end to admit and regulate the height of the water, which would prevent access to the water from all sides, and expose the parts to injury by attempts to drink near them; and also that iron troughs had been made with standing supply-pipe and overflow. The trough of the patent is made with a supply-pipe, valve, and float in the interior, covered by a case with open water all around it coming from the bottom through openings in the case. This gives free access to the water on all sides, and has the advantages of water coming in at the bottom and in the middle, flowing upward and away from the center. This arrangement to give these advantages would require some calculation and contriving beyond the skill of a mere workman, and involved some invention, although not of a very high order. It was held to be sufficient in the patent-office to warrant a patent, and does not now appear to be so utterly insufficient as to render the patent void for want of this foundation.

The evidence fails to show any willful violation by the defendant of the rights secured by the patent, but does fairly show that at least one trough, which embodied the patented invention, was made and set up by his workmen before the bill was brought. The extent of the infringement is not now so important as the fact that there was some, and more to be apprehended at the commencement of the suit, to furnish grounds for it. After the suit was brought, the defendant desisted, and there is no occasion for an injunction. The defendant has contested the validity of the patent all the way through, and the orator has thereby been compelled to prosecute the suit to establish its right. There must therefore, upon these considerations, be a decree establishing the validity of the patent, and for an account, with costs.

Let a decree be entered that the patent is valid, that the defendant has infringed, and for an account, with costs.